UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JAMES R. MICKELSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 01-1750 (JRT/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution in Waseca, Minnesota. He is serving a 132-month prison sentence imposed by the U.S. District Court for the District of North Dakota. He was sentenced on September 2, 1999, after pleading

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED SEP 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

guilty to some undisclosed federal criminal offense(s).[2] (Petition, [Docket No. 1], p. (2), §§ 2, 4(a), and 5(a).) Petitioner has never challenged his conviction or sentence by direct appeal, nor has he ever sought post-conviction relief under 28 U.S.C. § 2255. (Id., pp. (2), (4), §§ 7 and 11.)

Petitioner lists three grounds for relief in his present habeas corpus petition:

> "[1] There is ineffective assistance of counsel by the attorney on record violating my constitutional rights to due process via the Fifth Amendment and violating my right to effective assistance of counsel at all stages of the judicial procedure. I pled guilty per the plea bargain agreement not being aware of the discrepancies in the pre-sentence report.
>
> [2] There is ambiguity between the statute that I was sentence under and the sentencing guideline that the pre-trial officer used to calculate the sentence. This ambiguity caused me to be in excess of the sentencing guideline range.
>
> [3] I have the right per statute to appeal the length of the sentence in that I was not fully coherent at the sentencing hearing and I was overwhelmed by all the proceedings."

(Petition, p. (3), § 9.)

For the reasons discussed below, the Court finds that Petitioner's current claims for relief cannot properly be addressed on the merits in this § 2241 proceeding. It will therefore be recommended that his petition be summarily dismissed pursuant to Rule 4.

---

[2] The petition indicates that Petitioner was indicted for violating 18 U.S.C. § 1512(a)(1)(A) (pertaining to "[w]hoever kills or attempts to kill another person, with intent to prevent the attendance or testimony of any person in an official proceeding"), but it is not clear whether Petitioner was actually convicted under that statute.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Pursuant to § 2255's exclusive remedy rule, "courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255... and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (citations omitted). As

Petitioner himself has correctly observed, "§ 2255 is used to contest the imposition of [a] sentence.... [while] § 2241 is used to contest the execution of a sentence." (Petition, p. (5), § 13(a), [emphasis added].)

In this case, it is clear that Petitioner is challenging the validity of the sentence imposed by the trial court. He apparently believes that the trial court judge would have imposed a shorter sentence if (a) his attorney had pointed out certain alleged "discrepancies" in his pre-sentence report, (b) the "pre-trial officer" had properly applied the sentencing guidelines, or (c) he had been "fully coherent" at the sentencing hearing. Although Petitioner claims that he "is going to challenge the execution of [his] sentence," (id.), that is not what he is actually doing here. He is not complaining about anything that the Bureau of Prisons ("BOP") has done with regard to the execution or enforcement of his sentence. Rather, he is challenging the sentence that was imposed by the trial court. In other words, he is not contending that the BOP has somehow misapplied or misconstrued a properly-imposed sentence; he obviously is contending that the trial court should have given him a lesser sentence in the first place.

In short, despite his unexplained assertion to the contrary, Petitioner clearly is challenging the imposition of his sentence, not the subsequent execution of his sentence. Because he is challenging the sentence imposed by the trial court, his current petition is subject to § 2255's exclusive remedy provision, which means that the claims raised in his petition cannot properly be entertained in a § 2241 habeas proceeding.

Under different circumstances, Petitioner's application for relief under § 2241 might simply be construed as a motion brought under § 2255, and then transferred to the

trial court. In this case, however, Petitioner is precluded from seeking relief under § 2255, because the one-year statute of limitations applicable to § 2255 motions has expired. The applicable statute of limitations, which is set forth in the sixth paragraph of § 2255, provides that –

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > **(1)** the date on which the judgment of conviction becomes final;
> >
> > **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

According to the petition, Petitioner was sentenced on September 2, 1999. Thereafter, he had 10 days to file an appeal. Fed. R. App. P. 4(b)(1)(A). Because he did not file an appeal, the one-year statute of limitations began to run, (pursuant to clause (1) of the sixth paragraph of § 2255[3]), from the deadline for filing an appeal. See Kapral v.

---

[3] In this case, there is nothing on the face of the petition to suggest that clauses (2), (3) or (4) of the sixth paragraph of § 2255 would have any applicability. In other words, there is no suggestion that the government created any impediment that prevented

United States, 166 F.3d 565, 577 (3rd Cir. 1999) ("[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired"). Thus, in Petitioner's case, the one-year statute of limitations for filing a § 2255 motion began on September 12, 1999, and ended on September 12, 2000. It is now more than one full year after the statute of limitations deadline expired, so it is now much too late for Petitioner to seek relief under § 2255. That being the case, it would not be appropriate to construe the present habeas corpus petition to be a § 2255 motion, and attempt to transfer this matter to the court in which Petitioner was convicted.

Furthermore, Petitioner cannot claim that the one-year statute of limitations causes § 2255 to be "inadequate or ineffective to test the legality" of his sentence. If that were the case, then the one-year limitations period would serve no purpose, because any federal prisoner whose post-conviction claims were barred by the § 2255 statute of limitations could simply seek relief under § 2241 instead. The statute of limitations would be meaningless, if any prisoner whose claims were time-barred could simply argue that the remedy provided by § 2255 had become "inadequate or ineffective," and that he was therefore entitled to challenge his conviction or sentence in a § 2241 habeas corpus action. Congress could not have intended to make it so easy to evade the statute of limitations. Thus, it is not surprising that our Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because... petitioner

---

Petitioner from seeking § 2255 relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any newly-established constitutional right or any new evidence that could not have been discovered earlier.

has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

A federal prisoner will be allowed to challenge his conviction or sentence in a § 2241 habeas petition "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief on direct appeal, or in a timely § 2255 motion. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to appeal, and failed to file a § 2255 motion in a timely manner.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the validity of the sentence imposed upon him by the trial court; (2) such challenges can be raised collaterally only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from filing such a motion under the applicable one-year statute of limitations; and (4) Petitioner's failure to seek relief under § 2255 in a timely manner does not cause the remedy provided by that statute to be "inadequate or ineffective," so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that it should be summarily dismissed.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED.

Dated: September 27, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500