**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JAMES R. MICKELSON, Civil No. 01-1750 (JRT/SRN)

Petitioner,

v. **ORDER**

UNITED STATES OF AMERICA,

Respondent.

---

James R. Mickelson, #07366-059, Federal Correctional Institution, Box 1500, Waseca, MN 56093-0741, petitioner *pro se*.

Paul H. Luehr, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner James R. Mickelson ("Mickelson") has brought an application for a writ of habeas corpus under 28 U.S.C. § 2241, arguing ineffective assistance of counsel, imposition of an excessive sentence, and ineffective waiver of his appeal rights. This matter is now before the Court on Mickelson's objections to the Report and Recommendation of United States Magistrate Judge Susan Richard Nelson dated September 27, 2001. The Magistrate Judge recommended that Mickelson's petition be summarily dismissed. The Court has conducted a *de novo* review of Mickelson's objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the

FILED SEP 10 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and orders that Mickelson's application for habeas corpus relief be dismissed.

## BACKGROUND

On September 2, 1999, Mickelson was sentenced to a term of 132 months imprisonment by the U.S. District Court for the District of North Dakota. His petition does not indicate the offense of which he was convicted, but does indicate that he was indicted under 18 U.S.C. § 1512(a)(1)(A).[1] Mickelson has not appealed his conviction or sought post-conviction relief under 28 U.S.C. § 2255 or other means.

Mickelson's § 2241 petition lists three grounds for relief:

> 1. There is ineffective assistance of counsel by the attorney on record violating my constitutional rights to due process via the Fifth Amendment and violating my right to effective assistance of counsel at all states of the judicial procedure. I pled guilty per the plea bargain agreement not being aware of the discrepancies in the pre-sentence report.
>
> 2. There is ambiguity between the statute that I was sentenced under and the sentencing guideline that the pre-trial officer used to calculate the sentence. This ambiguity caused me to be in excess of the sentencing guideline range.
>
> 3. I have the right per statute to appeal the length of the sentencing that I was not fully coherent at the sentencing hearing and I was overwhelmed by all the proceedings.

(Petition at 3, ¶ 9.)

---

[1] This statute provides in relevant part that "[w]hoever kills or attempts to kill another person, with intent to . . . prevent the attendance or testimony of any person in an official proceeding . . ." shall be guilty of a crime. 18 U.S.C. § 1512(a)(1)(A).

The Magistrate Judge recommended that the petition be summarily dismissed because Mickelson is not challenging the execution of his sentence, but its imposition. The Magistrate Judge determined that the grounds of Mickelson's petition clearly show that Mickelson is "not contending that the [Bureau of Prisons] has somehow misapplied or misconstrued a properly-imposed sentence [but] obviously is contending that the trial court should have given him a lesser sentence in the first place." (Rep. & Rec. at 4.) Such motions cannot be brought under § 2241, but must be raised in a § 2255 motion before the sentencing court. The Magistrate Judge noted that such a motion could usually be construed as a § 2255 motion and transferred to the sentencing court. Here, however, this is not possible because Mickelson filed his motion after the statute of limitations had expired.

## ANALYSIS

Petitioner objects to the Magistrate Judge's conclusions. First, he argues that the Magistrate Judge applied improper rules in recommending that his petition be summarily dismissed. Second, he contends that he may still challenge his sentence, even though he waived his rights to appeal and collaterally attack the sentence.

### I. Summary Dismissal

In recommending that Mickelson's petition be dismissed, the Magistrate Judge relied upon Rule 4 of the Rules Governing Section 2254 Cases (the "§ 2254 Rules"). Rule 4 provides that if a habeas corpus petition and its exhibits show on their face that a petitioner is not entitled to relief, the district court may summarily dismiss the petition.

Although the § 2254 Rules are directly applicable to petitions of state prisoners, Rule 1(b) authorizes federal district courts to use their discretion in applying the rules to other habeas corpus cases. R. Gov. § 2254 Cases 1(b). Mickelson contends that the Magistrate Judge was wrong to apply these rules because no case law in the Eighth Circuit permits such an application. The Court disagrees. The § 2254 Rules have been promulgated by the U.S. Supreme Court under authority granted by Congress; this Court need not await affirmative permission from the Eighth Circuit to apply them. Other courts have held that the § 2254 Rules may be applied to § 2241 cases, and these holdings have not been questioned by the Eighth Circuit. *See, e.g., Bostic v. Carlson,* 884 F.2d 1267, 1270 n.1 (9th Cir. 1988); *Rothstein v. Pavlick,* 1990 WL 171789 at *3 (N.D. Ill. Nov. 1, 1990) (stating that a federal court "is empowered, in dealing with any Section 2241 petition, to apply the procedures specified" in the § 2254 Rules). This Court therefore concludes that the Magistrate Judge properly applied the § 2254 Rules to this case.

**II. Jurisdiction to Hear Mickelson's Petition**

**A. Imposition vs. Execution of Sentence**

A prisoner wishing to challenge a federal conviction must generally bring the challenge before the sentencing court under 28 U.S.C. § 2255. *See United States v. Lurie*, 297 F.3d 1075, 1077 (8th Cir. 2000); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (noting that challenges to imposition of sentence must be brought before

the sentencing court under § 2255, while challenges to execution of sentence must be brought before the court with jurisdiction over the prisoner's custodian under § 2241).

Although Mickelson claimed in his petition that he wishes to "contest the execution of [his] sentence" under § 2241, he does not object to the Magistrate Judge's finding that he is, in fact, contesting the imposition of his sentence. (*See* Petition at 5.) Moreover, Mickelson's petition clearly shows that he believes his sentence was incorrect. First, Mickelson alleges that ineffective assistance of counsel caused him to receive a longer sentence than would otherwise have been imposed. Second, Mickelson claims that he received a longer sentence because the sentencing guidelines were misapplied and because he was not coherent at the sentencing hearing. Finally, to the extent that Mickelson challenges the validity of his waiver of appeal and collateral attack rights, he challenges the imposition of sentence only. Mickelson does not challenge how the Bureau of Prisons has executed or enforced his sentence, nor alleged any kind of misapplication of his sentence. He simply contends that the trial court should have given him a lesser sentence. Therefore, the Court agrees with the Magistrate Judge and finds that Mickelson's petition challenges the imposition of sentence, not the execution.

**B. Barriers to Jurisdiction**

Ordinarily, Mickelson's improper § 2241 motion could have been construed as a § 2255 motion and transferred to the sentencing court. In this case, however, there are two impediments: the statute of limitations for § 2255 has expired, and Mickelson has waived his rights to appeal or collaterally challenge his sentence.

First, as the Magistrate Judge noted, Mickelson did not file his motion until after the statute of limitations for § 2255 had run. Under § 2255, a one-year statute of limitations runs from the latest of: 1) the date on which judgment of conviction became final; 2) the date on which a governmentally created impediment to a motion was removed; 3) the date on which a right asserted was newly recognized by the Supreme Court and made retroactive; or 4) the date on which the facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255. The only date applicable to Mickelson is that of judgment of conviction. According to his petition, Mickelson was sentenced on September 2, 1999, after which he had ten days to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Because Mickelson did not do so, the statute of limitations started to run on the deadline for filing an appeal, on September 12, 1999. *See Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir. 1999) ("[I]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired.") Mickelson's one-year statute of limitations for filing a § 2255 motion thus ended on September 12, 2000. Mickelson filed his petition on September 19, 2001, more than one year too late. Therefore, this Court cannot transfer his petition to the sentencing court as a § 2255 motion.

Second, Mickelson waived his rights to file a § 2255 challenge in his plea agreement. In his objections, Mickelson argues that such waivers are contrary to public policy, citing *United States v. Raynor*, 989 F. Supp. 43 (D.D.C. 1997). The Eighth Circuit has not accepted the rationale of *Raynor*, instead holding that knowing and

voluntary waivers of appeal or collateral attack rights are generally enforceable. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir. 2000).[2] Both types of waiver safeguard the "chief virtues" of plea agreements, namely speed, economy, and finality in judgments and sentences. *Id.* These waivers are not absolute, however, and may be set aside in cases where assistance of counsel was so ineffective as to undermine the knowing and voluntary nature of the waiver. *Id.* at 923-24. *See United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995) (holding that dismissal of an appeal based on a waiver is inappropriate if the waiver itself was "tainted by ineffective assistance of counsel."). Moreover, "[d]ismissal of a § 2255 motion on the basis of a waiver in the plea agreement is inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver." Mickelson's petition also alleges ineffective assistance of counsel. Although it is not clear whether this claim is related to the waiver provision of his plea agreement, Mickelson's objections suggest that he is making such an argument. For this Court, however, the question is somewhat academic, because even if Mickelson made a colorable ineffective assistance of counsel claim under *DeRoo*, his claim would still be time-barred.

---

[2] Mickelson also cites *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994) in support of his objections. This case held that denial of federal prisoners' "good-time credits" falls under a court's § 2241 jurisdiction. *Id.* at 1080-81. That case, however, relied upon the rule that habeas corpus is the proper remedy when a federal prisoner is "attacking the fact or length of his confinement in a federal prison **on the basis of something that happened after he was convicted and sentenced**." *Id.* at 1080 (emphasis added). Here, Mickelson challenges his sentence based upon alleged errors in the computation of sentencing guidelines. As Mickelson recognizes, this computation occurred before he was sentenced. (*See* Petition at 3, ¶ 9.) Therefore, *Waletzki* does not apply to this case.

### C. Applicability of § 2255 "Safety Valve"

There is a narrow exception to the exclusive remedy rule of § 2255. Under this "safety valve," a federal prisoner may challenge the imposition of his sentence under § 2241 only if it appears that the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of his detention." *Lurie*, 207 F.3d at 1075; *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Charles*, 180 F.3d at 756. A petitioner has the burden to establish that his remedy under § 2255 is inadequate or ineffective. *DeSimone*, 805 F.2d at 323.

Mickelson clearly feels that his sentence was improperly calculated, and that he is entitled to appeal this alleged error. As evidence of his right to appeal, Mickelson notes that the sentencing judge told him he "probably still retain[s] the right to appeal the method and manner in which the guideline computations were prepared that led to the sentencing range . . . ." (Obj. Attachment, citing Sentencing Tr. at 48.). Indeed, a liberal interpretation of Mickelson's objections suggests that he filed his petition under § 2241 because he knew he was barred from bringing a § 2255 motion, either due to the statute of limitations or the waiver. Mickelson may feel that § 2241 is the only way he can exercise his rights as the sentencing judge suggested.[3] It appears, therefore, that Mickelson is arguing that § 2255 is "inadequate or ineffective," and he may use the

[3] The full transcript of Mickelson's sentencing is not in the record, and this Court does not know what procedure the sentencing judge had in mind when he stated that Mickelson "probably" still retained some appeal rights, despite the waiver. At the time, it does not appear that Mickelson had alleged ineffective assistance of counsel.

"safety valve" to challenge his sentence in this Court under § 2241. The Court determines that he may not do so.

"Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles,* 180 F. 3d at 758. Indeed, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *Lurie*, 207 F.3d at 1077. It is well settled that expiration of the statute of limitations is not sufficient to invoke the "safety valve." *Id.*; *Charles,* 180 F. 3d at 758 (holding that petitioner can not use "safety valve" to get around statute of limitations because the statute's expiration was "the result of petitioner's own doing and not due to any inadequacy in the statute.").

Furthermore, the same rationale applies to the extent Mickelson argues that his waiver of collateral attack rights makes § 2255 inadequate or ineffective. Courts have held that a variety of impediments to filing § 2255 motions are insufficient to render § 2255 inadequate or ineffective, such as: when there is a procedural barrier to a § 2255 motion, when § 2255 relief has already been denied, and when permission to file a second or successive § 2255 motion has already been denied. *See Lurie*, 207 F.3d at 1077; *Charles,* 180 F. 3d at 758. As in these cases, Mickelson's suggestion that § 2255 is inadequate because he waived his right to use it "attributes blame to the wrong source." *See United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002). Mickelson cannot argue that § 2255 is inadequate or ineffective, because it is not the impediment to the relief he seeks; the true impediment (besides the statute of limitations) is his waiver of collateral attack rights under § 2255. *See id.* Because Mickelson's "attempts to gain relief have not been hampered by the § 2255 remedy

itself," the Court finds that Mickelson cannot bring his § 2255 claims in a § 2241 motion before this Court.

It appears from the transcript excerpt Mickelson provided that the sentencing judge surely intended to preserve Mickelson's right to appeal at least some aspect of his sentence. It is not apparent to this Court, however, how the judge intended to do this. The record also suggests that Mickelson may have a colorable ineffective assistance of counsel claim which, if legitimate, could negate his waiver. Although the answers to these questions are unclear, one thing is certain: this Court has no jurisdiction over them. Mickelson's § 2241 application challenges the imposition of his sentence, and he has not demonstrated that § 2255 is an inadequate or ineffective remedy to test the legality of his detention. These matters must therefore be addressed to the sentencing court. Whether this is properly raised as a § 2255 motion or some other mechanism envisioned by the sentencing judge is a matter for that court. Therefore, this Court agrees with the Magistrate Judge that Mickelson's petition must be dismissed. The Court will dismiss the petition without prejudice, and Mickelson is free to raise issues relevant to the imposition of his sentence with the sentencing court.[4]

---

[4] The Court also has pending Mickelson's Application to Proceed *In Forma Pauperis*. Because Mickelson has failed to state a habeas corpus claim on upon which relief can be granted, his application must be denied. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Christiansen v. Clarke*, 147 F.3d 655, 657-58 (8th Cir. 1998).

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 4] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 2]. Accordingly, **IT IS HEREBY ORDERED** that petitioner's Federal Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER HEREBY ORDERED** that petitioner's Application to Proceed *In Forma Pauperis* [Docket No. 6] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 10, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge